United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41126
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SHAIN BITTICK,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-137-RAS-DDB

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Shain Bittick pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), for which he was sentenced to a 121-month prison term and three years of supervised release. Bittick now appeals, challenging only his sentence.

Citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Bittick contends that the district court erred when it increased his offense level under the Sentencing Guidelines by a total of sixteen levels. In light of the Supreme Court's recent decision in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), this increase violated Bittick's Sixth Amendment right to a sentence not exceeding the maximum authorized by his guilty plea.

Where, as here, a defendant has preserved a <u>Booker</u> challenge in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." <u>United States v. Mares</u>, 402, 511, 520 n.9 (5th Cir. 2005), <u>petition for cert. filed</u>, No. 04-9517 (U.S. Mar. 31, 2005). In this case, as the Government concedes, it has not met its burden of demonstrating beyond a reasonable doubt that the Sixth Amendment violation at issue did not contribute to the sentence that Bittick received. <u>See</u> <u>United States v. Akpan</u>, ___ F.3d ___, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. Apr. 14, 2005). Accordingly, we vacate Bittick's sentence and remand for resentencing. <u>See</u> <u>id.</u>

**VACATED AND REMANDED FOR RESENTENCING.**